IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIVINE KNOWLEDGE | ) | Case No. 1:12CV01729 |
| | ) | (1:08CR476) |
| Defendant-Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | |
| Plaintiff-Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket # 78-1 in Case

No. 1:08 CR 476.) For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

On February 11, 2009, a Jury found Petitioner guilty of one count of being a felon in

possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 1 of the

Indictment).  On April 23, 2009, Petitioner was sentenced to 188 months of incarceration

followed by five years of supervised release.

On May 6, 2009, Petitioner appealed his conviction, challenging the Court's earlier

denial of a motion to suppress evidence without an evidentiary hearing.  The Sixth Circuit Court

of Appeal affirmed this Court's ruling on suppression issues on April 4, 2011.  On July 3, 2012,

Petitioner filed his Section 2255 motion with this Court.  Petitioner sets forth one Ground for

Relief:

      Ground One:        Ineffective Assistance of Counsel

  Supporting Facts:  Claim 1: Failure to challenge sufficiency of Search Warrent [sic]
           Affidavit.
           Claim 2: Failure to challenge varacity of Search Warrent [sic]
           Claim 3: Failure to call defense witness and request Franks
           Hearing.
           Claim 4: Failure to challenge sufficiency of evidence

    The Government argues that Petitioner's claim of ineffective assistance of counsel is

without merit and that he was sentenced appropriately.

## DISCUSSION

    Title 28 U.S.C §2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed
> in violation of the constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. §2255.

    This Court has thoroughly reviewed all information relative to Petitioner's Motion and

the Response filed by the Government.  Based upon that review, the Court finds that Petitioner is

not entitled to relief under 28 U.S.C §2255.

## I. Petitioner's Asserted Grounds for Relief

    There is simply no evidence to support Petitioner's claims of ineffective assistance of

counsel.  In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established

the requirements for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so serious as to deprive

2

> the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
>
> *Id.* at 687.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688.  In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

### A.    Claim One: Defense counsel did challenge the sufficiency of the search warrant in a pretrial motion to suppress.

Petitioner's claim that his counsel did not challenge the sufficiency of the search warrant affidavit is blatantly false.  Defense counsel filed a motion to suppress all items seized during the execution of the search warrant. (R. 14: Motion to Suppress All Items Seized In Search Conducted on October 17, 2008).  Counsel specifically argued that "[t]he warrant was not supported by probable cause and failed to describe with particularity the place to be search, and therefore violates Mr. Knowledge's rights under the Fourth Amendment of the United States Constitution." *Id*.

Additionally, Petitioner was present with his attorneys when they argued to the Court that the seized items should be excluded from the trial.  Therefore, Petitioner had full knowledge that his counsel did actually challenge the sufficiency of the search warrant.  For this reason, Petitioner's claim that his counsel failed to challenge the sufficiency of the search warrant fails.

3

Based on the claims Petitioner makes in support of his first claim for relief, it appears he is actually challenging the District Court's denial of his motion to suppress the items seized during the search. As this issue was already considered on direct appeal, and rejected, it may not be brought up on collateral review. *United States v. Groppi*, 2012 U.S. Dist. LEXIS 110365, *3 (N.D. Ohio, Aug. 6, 2012)(holding that "defendant may not [collaterally] raise issues that were either not raised on his direct appeal, or were raised and rejected by the Sixth Circuit."); *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). While Petitioner did not directly appeal this issue, the Sixth Circuit stated, on their own, that "[t]he search warrant was based upon adequate probable cause, which is not contested by Knowledge on appeal." *United States v. Divine Knowledge* No. 09-3535 (6th Cir. Apr. 04, 2011).

Thus, Knowledge's first claim for relief fails, as his counsel actually did challenge the sufficiency of the search warrant affidavit. Petitioner's first claim for relief also fails because he did not appeal the district court's finding that the affidavit was supported by probable cause. Finally, even without the appeal, the Sixth Circuit nevertheless held that the search warrant was, in fact, based on adequate probable cause.

**B.   Claim two: Defense counsel was not in error in not requesting a *Franks* hearing.**

To be entitled to a hearing challenging the validity of a facially sufficient search warrant a Defendant must show two things. First, the Defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). This showing must be more than conclusory and must be accompanied by a detailed offer of proof. *Id*. Second, the defendant must show that the false information is

4

necessary to the finding of probable cause. *Id.*    If this two-part preliminary showing is made, defendant is entitled to a hearing, where he has the burden of proving the allegations by a preponderance of the evidence. *Id.*

Petitioner offers a deficient set of facts to support his assertion that Inspector Green lied to or intentionally misled the State Court Judge issuing the search warrant.  Petitioner alleges that Inspector Green's "mischaracterization" of the confidential informant, surveillance, and mail verification was a wilful disregard for the truth without any substantiating facts.  This unsworn bare allegation does not offer the "substantial preliminary showing" of false statements made in an affidavit as required for a *Franks* hearing.  Further, the statements in the affidavit were corroborated, and were verified as true on October 17, 2008 when the search warrant was executed. The evidence substantiates that Mr. Knowledge did in fact receive mail at this address, his personal belongings were located at this address, he was found in sleeping attire at this address, and he admitted to police that he lived at this address.

Petitioner has the burden of showing that his counsel's conduct fell below an objectively reasonable standard. *Strickland* 466 U.S. 668.  Clearly, there was no substantial preliminary showing of a false statement made in a search warrant affidavit, and therefore Petitioner was not entitled to a *Franks* hearing.  Thus, the conduct of Petitioner's counsel did not fall below an objectively reasonable standard by failing to request a *Franks* hearing.

>    **C.    Claim three: Defense Counsel was not insufficient in choosing not to call specific witnesses.**

Petitioner argues that Defense counsel was deficient because he did not call Loretta Harder, John McDonald, Crystal Pinkney, or Karmalita Carnfield.  Petitioner provides in his motion a summary of what he believes each witness would have testified to.  Petitioner argues

5

that this testimony would show that the weapons found at his residence were not his, and were only being stored there before being turned into a gun buy back program. (ECF #78-1 p. 32-36).

Even if the court were to take Petitioner's summary of the witnesses' testimony as completely true, they would not exonerate him from these charges.  To be found guilty of 18 § 922(g), Petitioner simply needed to be in possession of a firearm.  The facts clearly indicate that on the date of the search of Petitioners home, he was found in possession of the firearms.  It does not matter who the rightful owner of the firearms were, nor how the firearms arrived to Petitioner's residence, only that he was in possession of them. *Id*.

Further, the Government correctly asserts that counsel cannot be deemed ineffective for failing to suborn perjury. *See Tyler v. United States*, 1998 U.S. LEXIS App. 27085, *8-9 (6ᵗʰ Cir. Oct. 20, 1998).  According to Petitioner, Crystal Pinkney would have testified that Petitioner did not live in the upper unit at Lenacrave Avenue.  This would have been in direct contradiction to the overwhelming evidence indicating that Petitioner did live in the upper unit at Lenacrave Ave. This evidence included Petitioner's personal items on, under and near the bed, his diabetic medicine stored in the refrigerator, the mail he received at that address, and Ms. Pinkney's lack of surprise that Petitioner was there when she returned home on October 17, 2008.

Petitioner's counsel did challenge the government's evidence and theory of prosecution. First, Petitioner's counsel called witnesses to challenge the government's theory that Petitioner possessed the firearms.  Petitioner's counsel provided an expert witness in Michael Sinke, who proclaimed that the government had no physical evidence tying Petitioner to the firearms. Petitioner's counsel also provided James Box, whose testimony challenged the government's allegation that Petitioner resided at Lenacrave Ave.  Petitioner's counsel also spent considerable

time cross-examining all three of the government's trial witnesses.  For these reasons, Petitioner's claim for ineffectiveness of counsel due to counsels failure to call these witnesses is not well taken.

> **D.      Claim Four: Petitioner's counsel did challenge the sufficiency of the government's evidence that Petitioner knowingly possessed the firearms.**

Petitioner argues that defense counsel failed to challenge the sufficiency of the government's evidence that he possessed the firearms.  As discussed above, Petitioner's counsel filed a motion to suppress, called two separate witnesses to dispute the government's evidence, extensively cross-examined the government's witnesses on this point, and filed a Rule 29 motion to dismiss the charges on the grounds that the government did not meet its evidentiary burden.  Clearly, defense counsel challenged the sufficiency of the government's evidence.

Further, the facts are explicit in this case.  Petitioner admitted to the police officers that searched his residence that he was holding the guns for "D" and that he needed them because he lived in a bad neighborhood.  Petitioner's counsel did all they could to overcome these facts and defend Petitioner in this case

Based on the foregoing, Petitioner has no legally cognizable claim, and is not entitled to the relief sought.

## II.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether... the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)(quoting *Barefood v. Esxtelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that no reasonable jurist would find the assessment of Petitioners's Constitutional claims to be debatable or wrong.  Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under 28 U.S.C. § 2255, no evidentiary heaing is required to resolve the pending Motion.  For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is DENIED. (ECF # 78-1.)  Further, the Court certifies,

pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  The law clearly supports a finding that Petitioner's claims have no basis in fact or law.

IT IS SO ORDERED.


  /s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  December 11, 2012